06-2529ghmTuftStrike.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ALEXANDER TUFT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2529 |
| | § | |
| BRENDA CHANEY, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Plaintiff, a state inmate proceeding *pro se* and impliedly *in forma pauperis*, has filed a 252-page civil rights complaint complaining of prison conditions. He asserts violations of his civil rights as well as those of the general inmate population, and seeks class action certification.

In his complaint, plaintiff names as defendants no fewer than nineteen prison officials, and raises voluminous complaints about prison life ranging from general disrepair of the Jester III Unit building and "employee bonding and collaboration" to: long pill-line waits, long waits for scheduled medical appointments, sleep deprivation due to noise and lighting, exposure to hepatitis and antibiotic-resistant bacterial infections, overused small hand towels, mop buckets with no wringers, bugs and other insects in cells, unsanitary food trays, crowded and poorly-cleaned shower and dressing areas, unavailability of properly-sized and natural-fabric button shirts for handicapped inmates, discriminatory access to handicapped inmate programs, lack of hospital mattresses for certain handicapped inmates, denial of a

wheelchair following surgery in 2002, inadequate and unsanitary exercise equipment, unsanitary food service and kitchen conditions, unavailability of ice, ice water, or cold sodas during hot weather, exposure of male inmates to female officers during strip searches and toilet use, "TDCJ's history of decadence," no doors, curtains, or partitions in showers and stalls, prisoner waiting areas that have no air conditioning, hostile prison employees, indifference to inmate grievances, insufficient inmate property storage, and delayed access to law books.  As proof of harm, plaintiff claims he contracted MRSA (an antibiotic-resistant bacterial infection) in 2002, has an accelerated rise in his liver enzymes due to excessive heat, stress, and sleep deprivation, and has "bodily deformities" caused by beta-blocker pills, which "block the male hormone, Testosterone."  He also claims extreme mental anguish, emotional distress, sexual humiliation, and severe physical fatigue.

**A.     Class Certification**

Plaintiff has not stated facts to show that he has suffered a specific constitutional injury from all of these alleged constitutional deprivations, and therefore, fails to show that other inmates may generally suffer the same type of injury.  For the specific constitutional injuries and personal physical harm that he does allege (MRSA, elevated liver enzymes, bodily deformities due to beta-blockers), he does not show that other inmates may generally suffer the same type of injury.  Accordingly, the Court finds that plaintiff's complaints do not meet the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, and this suit will not proceed as a class action. Plaintiff's request for class certification is **DENIED**.

**B.    Amended Complaint**

Petitioner's complaint raises multifarious allegations against numerous defendants involving several transactions. Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." In similar fashion, Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. By naming multiple defendants and including numerous transactions and complaints, plaintiff's complaint does not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. Under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed. The Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three strikes provision. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998).

Accordingly, plaintiff is **ORDERED** to amend his complaint to allege only those specific unconstitutional conditions of confinement, instances of deliberate indifference to his own health and safety, or other constitutional deprivations which have resulted in harm to him personally. Plaintiff is **FURTHER ORDERED** to file his amended complaint on or before **AUGUST 31, 2006**, and to title it as an "Amended Complaint" under this current case number**.**

Plaintiff is admonished that his amended complaint must comply with the Federal Rules of Civil Procedure by including only one claim (*i.e.*, one set of related facts and circumstances stemming from one incident or issue), unless the other claims alleged are all related to the same incident, issues, or actions of the defendant(s). Any unrelated claims must be filed as separate actions. <u>Failure to comply fully as directed may result in the dismissal of this proceeding under Rule 41(b) of the Federal Rules of Civil Procedure</u>.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on August 4, 2006.

_____
Gray H. Miller
United States District Judge