**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT ALEXANDER TUFT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2529 |
| | § | |
| BRENDA CHANEY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

State inmate Robert Alexander Tuft filed this *pro se* civil rights lawsuit raising a multitude of claims against various prison officials in their official and individual capacities. In compliance with the Court's order, plaintiff filed an amended complaint (Docket Entry No. 13) and more definite statement (Docket Entry No. 21). The Court has screened the amended complaint and more definite statement pursuant to 28 U.S.C. § 1915A, and ORDERS as follows:

*Partial Dismissal of Claims*

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the court may evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). The same standards will support dismissal of a suit bought under any federal

law by a prisoner confined in any fail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). The following claims are DISMISSED for the reasons given:

(a) <u>Claim for contracting MRSA in 2002</u>

Plaintiff complains that because prison officials were deliberately indifferent to risks to his health and safety, he contracted MRSA (a drug-resistant bacterial infection) in 2002. This claim is governed by a two-year statute of limitations. *See Ali*, 892 F.2d at 439; *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Plaintiff acknowledges that he knew he contracted MRSA in 2002 and that he attributed it to prison conditions. Plaintiff filed this lawsuit on July 25, 2006, and argues that because MRSA is a life-long condition, his claim is not barred by limitations. Plaintiff's argument is without merit and this claim is DISMISSED as barred by limitations.

(b) <u>Claim for delay in diagnosing and treating hepatitis C</u>

Plaintiff complains that as early as 2001 or 2002, he told prison officials of his prior positive test results for hepatitis C, but that they did not confirm his diagnosis until 2003. Plaintiff again incorrectly argues that because his hepatitis C is on-going, his claim is not barred by limitations. To the extent plaintiff complains of the delayed diagnosis, his claim is DISMISSED as barred by limitations. *See Ali*. To the extent he complains that medical staff did not commence timely treatment for the disease, his claims for deliberate indifference in failing to treat arising prior to July 25, 2004 are DISMISSED as barred by limitations.

(c)     Claim for denial of a wheelchair and pain relief in 2002

Plaintiff claims that immediately following his surgery in 2002, prison and medical officials refused to provide him a wheelchair or proper pain relief, causing him physical pain and damage. This claim also is governed by the applicable two-year statute of limitations and plaintiff presents no valid argument against expiration of limitations. This claim is DISMISSED as barred by limitations.

(d)     Claims for prison conditions arising prior to July 25, 2004

Plaintiff asserts a litany of complaints regarding prison conditions, including the following: sleep deprivation; insects and vermin; hot uncomfortable polyester button shirts; lack of cold drinking water and ice during the summer; constructive denial of medicine and medical care due to lengthy and uncomfortable waits in the "pill line" and "the cage;" denial of his request for a hospital mattress in his cell; crowded and unsanitary handicapped shower facilities; open view of handicapped shower facilities and toilets by female officers; unsanitary prison facilities and exposure to disease and infectious agents; and hot, uncomfortable prison facilities during the summer months.

Plaintiff complains that most or all of these claims commenced in 2002 and are on-going violations of his constitutional rights. As these claims are governed by the applicable two-year statute of limitations, those claims and incidents arising prior to two years before the filing of this lawsuit are barred. Plaintiff filed this lawsuit on July 25, 2006.

Accordingly, claims for incidents arising before July 25, 2004 are DISMISSED as barred by limitations.

    (e)    <u>ADA violations arising prior to July 25, 2004</u>

Plaintiff asserts various violations of his rights under the Americans with Disabilities Act (ADA). Provisions of the ADA prohibit a public entity, such as a state prison system, from discriminating against a qualified individual with a disability. *See Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 209-210 (1998); *see generally* 42 U.S.C. § 12131 *et seq.* (1990). Section 16.003(a) of the Texas Civil Practice and Remedies Code sets forth a two-year statute of limitations for personal injury actions. Under the rationale set out in *Owens v. Okure,* 488 U.S. 235, 249-50 (1989), plaintiff's ADA claims are governed by the two-year statute of limitations. The two-year limitations period runs from the day the cause of action accrues. *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989). Thus plaintiff was required to file his complaint within two years of when he knew or had reason to know of the discriminatory actions. His allegations show that he was aware of the prison officials' actions at the time they occurred. Accordingly, his ADA claims for incidents arising before July 25, 2004 are DISMISSED as barred by limitations.

    (f)    <u>Lack of physical injury under section 1997e(e)</u>

To the extent plaintiff seeks monetary damages for events arising after July 25, 2004, plaintiff asserts claims for (1) deprivation of sleep due to prison officials loudly calling inmates out during nights; (2) unsanitary and crowded handicapped shower and prison

4

facilities exposing him to disease and infectious agents; (3) insects and vermin in the prison facilities; (4) denial of a hospital mattress in his cell; (5) hot and uncomfortable prison facilities during the summer months; (6) unavailability of cold drinking water, ice, and extra showers during the summer months; (7) hot and uncomfortable polyester button shirts; and (8) exposure to disease and infectious agents from unsanitary prison facilities.

Under 42 U.S.C. § 1997e(e), "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Fifth Circuit recognizes that section 1997e(e) "applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir. 2005).

In its order for a more definite statement, the Court ordered plaintiff to "[i]dentify the specific physical injury caused to you by each incident you alleged above as a violation of your civil rights, and the date you incurred the physical injury." In response, plaintiff objected, stated that he lacked timely access to his medical records, and complained that the Court's inquiry was "not only unreasonable but it was unprecedented." Plaintiff filed his more definite statement on October 26, 2006, and has not amended or sought leave to amend his answer to this particular inquiry since that date.

5

Notwithstanding those complaints, plaintiff asserted that as physical injuries, he contracted MRSA in 2002 and hepatitis C in 2003, and that he experiences on-going fatigue and stress. As these physical injuries were incurred prior to July 25, 2004, plaintiff fails to show that they were injuries caused by defendants' actions which occurred after July 25, 2004. Nor do plaintiff's complaints of generalized "fatigue" and "stress" constitute physical injuries for purposes of section 1997e(e). *See*, *e.g.*, *White v. Ellege*, 273 F.3d 1101 (5th Cir. 2001) (not designated for publication). Although plaintiff alleges that he has "elevated liver enzymes," he acknowledges that the condition existed as early as October of 2001 and was caused or exacerbated by the denial of proper diagnosis and medical treatment for his hepatitis C. (Docket Entry No. 21, pp. 19-20.) Accordingly, plaintiff's claims (1) through (8) as identified above are DISMISSED pursuant to section 1997e(e) insofar as monetary damages are sought.

Further, and to the extent such claims arose after July 25, 2004, plaintiff alleges that he is handicapped, and that his rights under the ADA were violated by (1) prison officials providing him hot, uncomfortable polyester button shirts; (2) lack of handicapped recreational facilities; (3) unsanitary shower and handicapped prisoner facilities that exposed him to disease and infectious agents; (4) denial of a hospital mattress in his cell; (5) lengthy and uncomfortable "pill lines" and waits in "the cage;" and (6) excessive heat exposure during summer months. For the same reason as above, plaintiff's requests for monetary

6

damages for these violations of the ADA arising after July 25, 2004 are DISMISSED pursuant to section 1997e(e).

(g)     Failure to investigate or respond to grievances

To the extent plaintiff complains that the defendants failed to investigate or respond properly to his grievances, he fails to state a claim upon which relief can be granted and the claims are DISMISSED. *See Gieger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

*Order for an Answer*

Plaintiff names the following as defendants: The State of Texas, TDCJ-CID, Brenda Chaney, Richard Leal, Kathryn Gonzales, Douglas Dretke, and unidentified John and/or Jane Does. (Docket Entry No. 13.) The Court finds that an answer from the defendants is necessary as to the following claims:

(a)     Claim for cross-gender strip search

Plaintiff alleges that in February of 2005 he was ordered to submit to a strip search in the presence of a female prison officer. Plaintiff claims that this procedure violated his right to privacy and constituted cruel and unusual punishment. In similar fashion, plaintiff complains that his handicapped shower facilities and toilets are viewable by female security officers. Plaintiff seeks declaratory and injunctive relief for these claims.

(b)     Claims for deliberate indifference to serious medical needs

To the extent such claims arose after July 25, 2004, plaintiff complains that (1) prison officials constructively denied him medications and access to medical care by forcing him

7

to walk and/or wait in lengthy and uncomfortable "pill lines" and "the cage," and (2) his "liver enzymes" and "viral load levels" for hepatitis C increased due to lack of proper medical treatment. Plaintiff seeks monetary, declaratory, and injunctive relief for these claims.

(c) <u>Claims for deliberate indifference to health and safety/prison conditions</u>

To the extent such claims arose after July 25, 2004, plaintiff complains that (1) because of unsanitary prison conditions, he contracted hepatitis C; (2) he is forced to walk in the "pill line" in excess of his 50-yard walking restriction, causing pain; and (3) female prison officers have an open view of him while he is unclothed in the handicapped showers and toilet facilities. Plaintiff seeks monetary, declarative, and injunctive relief for these claims.

(d) <u>Claims for ADA violations</u>

To the extent such claims arose after July 25, 2004, and he does not seek monetary damages, plaintiff alleges that he is handicapped and that his rights under the ADA were violated by (1) prison officials providing him hot, uncomfortable polyester button shirts; (2) lack of handicapped recreational facilities; (3) unsanitary shower and handicapped prisoner facilities that exposed him to disease and infectious agents; (4) denial of a hospital mattress in his cell; (5) lengthy and uncomfortable "pill lines" and waits in "the cage;" and (6) excessive heat exposure during the summer months. Plaintiff seeks declaratory and injunctive relief for these claims.

(e)     Requests for Declaratory and Injunctive Relief and Punitive Damages

To the extent such claims arose after July 25, 2004, plaintiff seeks declaratory and injunctive relief and recovery of punitive damages on all of the claims asserted in his amended complaint.

Defendants hereby are notified of this suit through delivery of the complaint to Jacqueline Lee Haney, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, and the Court ORDERS as follows:

1.     Defendants shall file an answer to this lawsuit on or before JANUARY 25, 2008. Defendants shall respond to each and every factual and legal allegation in plaintiff's complaint.

2.     Within thirty (30) days after an answer is filed, the parties will disclose to each other all information relevant to the claims or defenses of any party. The parties shall promptly file a notice of disclosure with the Court after such disclosure has been made. No further discovery will be allowed except upon motion and order of the Court. No conferences under Federal Rules of Civil Procedure Rule 26(f) and 16(b) will be required unless upon further order of this Court.

3.     Defendants shall file any dispositive motions, including a motion to dismiss or for summary judgment, within sixty (60) days after the date defendants' answer is due. Defendants shall submit, with a business records affidavit, copies of any documents relevant

to plaintiff's claims and defendants' defenses, including copies of any written TDCJ rules or written unit rules relevant to the alleged events made the basis of this lawsuit.

    4.    Plaintiff will respond to any motion to dismiss or motion for summary judgment within thirty (30) days of the date in which defendants mailed plaintiff his copy, as shown on defendants' certificate of service. <u>Failure of plaintiff to respond to defendants' motion(s) within the time limit set by the Court or this order may result in dismissal of this lawsuit without further notice for failure to prosecute</u>.

    5.    In addition, each party shall serve the other party or his counsel with a copy of every pleading, motion, or other paper submitted for this Court's consideration. Service shall be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court shall be signed by at least one attorney of record in his individual name, whose address shall be stated, or if the party is *pro se*, by said party, with address likewise stated. In the case of a *pro se* party, only a signature by the *pro se* party himself will be accepted. If a layperson signs a pleading, motion, or other document on behalf of a *pro se* party, the Court will not consider the document.

    6.    Every pleading, motion, or other document shall include on the original a signed certificate of service stating the date a true and correct copy of the pleading, motion or document was mailed and to whom it was mailed. Failure to mail a copy thereof as certified by the certificate of service will subject that party to sanctions by the Court, including automatic striking of the pleading, motion, or other document, or monetary fines.

7.      There will be no direct communication with the U.S. District Judge or Magistrate Judge. All communications must be submitted to the Clerk of the Court with copies to the other parties, as required by Rules 5(a) and 11 of the Federal Rules of Civil Procedure.

*Pending Motions*

Plaintiff filed a motion to amend and reincorporate previous claims (Docket Entry No. 36) and a motion for leave to file second supplement to exhibits (Docket Entry No. 37).

The Motion for leave to amend (Docket Entry No. 36) is GRANTED and DENIED in part. Plaintiff is GRANTED leave to amend for his claim for a cross-gender strip search that occurred on May 23, 2007. Plaintiff is DENIED leave to add the following claims: (1) deprivation of a book by prison officials on June 6, 2007; (2) retaliation and denial of access to courts occurring in May of 2007; (3) claims for exposure to "airborne dust and biological contaminants" from prison dusting and cleaning in April and October of 2007; (4) sleep deprivation due to dorm lighting; and (5) unsanitary conditions and storage of dangerous cleaning equipment in dorm bathrooms. These claims constitute new and independent claims which may be pursued by plaintiff in separate litigation should he elect to do so, or, to the extent he requests monetary damages, are claims for which plaintiff fails to demonstrate a physical injury under section 1997e(e).

Plaintiff's motion for leave to file second supplement to exhibits (Docket Entry No. 37) is DENIED. The proposed exhibits are relevant to claims for which leave to amend has not been granted.

The Clerk of the Court will send a copy of this order to the parties. The Clerk further shall provide a copy of this order, plaintiff's amended complaint (Docket Entry No. 13), and the more definite statement (Docket Entry No. 21) to Jacqueline Lee Haney, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, P.O. Box 12548, Austin, Texas 78711-2548, via <u>federal express</u>.

Signed at Houston, Texas, on November 9, 2007.

_____
Gray H. Miller
United States District Judge